UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK JAMES, | ) | Case No. 1:25-mc-55 |
| Petitioner, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | |
| Leucadia Asset Management LLC, | ) ) | |
| Respondent. | ) ) ) | |

## OPINION AND ORDER

Petitioner Patrick James moves to quash Respondent Leucadia Asset Management LLC's Rule 45 subpoena.  For the following reasons, the Court **TRANSFERS** the motion to quash to the United States Bankruptcy Court for the Southern District of Texas.

### FACTUAL AND PROCEDURAL BACKGROUND

The subpoena at issue relates to the *In re First Brands* bankruptcy case pending in the bankruptcy court for the Southern District of Texas.  *See In re First Brands Group*, No. 25-90399 (Bankr. S.D. Tex.).  Mr. James moves to quash the subpoena as prejudicial and claims that it will impose an undue burden.  (ECF No. 1-1.)  Specifically, he claims that (1) the "subpoena is seemingly retaliatory"; (2) he does not have the relevant information Respondent seeks; (3) he is subject of ongoing discovery in the adversary proceeding; (4) the deposition threatens his Fifth

Amendment right against self-incrimination; and (5) he does not have sufficient time to comply with the subpoena. (*Id.*, PageID #20–22.)

Respondent opposes the motion. (ECF No. 3.) In doing so, Respondent asserts that the nature of Mr. James's arguments is "based on the pendency of other discovery and case management" in the underlying bankruptcy proceedings. (*Id.*, PageID #540–41.) Therefore, Respondent sought Mr. James's consent to transfer the motion to the bankruptcy court. (*Id.*)

## ANALYSIS

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

In evaluating whether exceptional circumstances exist, courts should consider "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-mc-64, 2015 WL 7308655, at *1 (N.D. Ohio Nov., 19, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). Additionally, transfer may be warranted where a ruling could disrupt management of the underlying litigation. Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

In determining whether transfer is appropriate, "the prime concern should be avoiding burdens on local nonparties subject to subpoenas." *Id.* In other words,

2

transfer is appropriate only if the exceptional circumstances "outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* However, the decision whether to transfer a motion to the court overseeing the underlying litigation lies within the discretion of the court. *See F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-mc-50, 2013 WL 6388539, at *6 (S.D. Ohio Dec. 6, 2013) (collecting cases).

Here, exceptional circumstances exist for transfer of the motion to quash to the bankruptcy court for the Southern District of Texas. The bankruptcy court is overseeing the underlying Chapter 11 case, which gives rise to the subpoena at issue, and the adversary proceeding against Mr. James. *See First Brands Group, LLC v. Patrick James*, Adv. Proc. No. 25-3803 (Bankr. S.D. Tex.). Its experience in managing these complex and involved proceedings has given that court an understanding of the pertinent factual and legal issues and how discovery generally, and the motion to quash in particular, bear on the development of those issues and advance the overall litigation. This background makes the bankruptcy court better suited to assess the need for the deposition of Mr. James and to rule on the motion.

Additionally, the bankruptcy court already has hearings scheduled in the coming days to address, among other things, other potential discovery obligations of Mr. James, including the possibility of additional depositions. Therefore, a ruling in the Northern District of Ohio on the same or similar topic runs the risk of disrupting or interfering with the bankruptcy court's orderly management of the litigation before it. *See* Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment (explaining

3

that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation").

For these reasons, the exceptional circumstances present in the record of this case outweigh the burden on Mr. James of litigating his motion to quash in the bankruptcy court, where he is a defendant to the adversary proceeding, and his interest in a local resolution of the motion. Accordingly, the Court **TRANSFERS** the motion to quash (ECF No. 1) to the United States Bankruptcy Court for the Southern District of Texas.

**SO ORDERED.**

Dated: January 6, 2026

                        J. Philip Calabrese
                        United States District Judge
                        Northern District of Ohio